IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVENELL L. ASH,

          Plaintiff,

v.

SUPERIOR POLICE DEPARTMENT,
MR. KELLY HASHEY, and MRS. KELLY HASHEY,

          Defendants.

OPINION and ORDER

22-cv-512-jdp

---

DAVENELL L. ASH,

          Plaintiff,

v.

KELLY THIMM, CHAD LALOR,
OFFICER TODD CARLSON, and
DARCIE LaFLAMME,

          Defendants.

OPINION and ORDER

22-cv-659-jdp

---

Pro se plaintiff Davenell Ash has filed two lawsuits alleging that she is the target of a wide-ranging conspiracy to surveil and harass her.[1] The court has granted her leave to proceed in forma pauperis in both cases. The next step is to screen Ash's complaints and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915(e)(2). Ash alleges similar facts in both of her lawsuits, so I will screen both of her complaints in this order.

---

[1] All citations are to case No. 22-cv-512-jdp except where noted.

When screening a pro se litigant's complaint, I construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). Even under this lenient standard, I conclude that Ash's complaints do not state claims for relief. Ash alleges that the Superior Police Department, her landlords, a state judge, and many others have harassed her by attacking her with radiation from "military weaponry"; following her everywhere she goes; outfitting her home, car, and business with cameras and microphones; and using speakers to broadcast voices that taunt, mock, and insult her. She alleges that the conspirators want to prevent Ash from running her business and force her into a "human trafficking program." Dkt. 1, at 10.

Ash made similar allegations in a previous case in this court. *See Ash v. State of Wisconsin*, No. 21-cv-317-jdp. I screened her complaint in that case and concluded that her allegations were factually frivolous. *See id.*, Dkt. 6, at 3. I will dismiss her new claims about the alleged conspiracy on the same ground. A court may dismiss a pro se complaint as frivolous where it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Allegations are factually frivolous if they are "bizarre, irrational or incredible." *Edwards v. Snyder*, 478 F.3d 827, 829 (7th Cir. 2007) (citations omitted). Ash's allegations that she is being attacked by radiation, surveilled by military drones, followed everywhere, and has voices forcefully broadcast to her are irrational and implausible, so they do not state claims for relief. Ash could not allege additional facts to bring these claims into the realm of plausibility, so I will dismiss Ash's claims about radiation and military weaponry with prejudice.

Ash also alleges that police officers, a prosecutor, and a state-court judge violated her rights by framing her for battery and carrying a concealed weapon. *See* Dkt. 1, at 12–13; No. 22-cv-659-jdp, Dkt. 1, at 9. She says that officers staged the alleged assault using an actor;

that the prosecutor withheld evidence of her innocence; and that the trial court judge knew that she was innocent. These allegations are somewhat less fantastical than her allegations about military weaponry and radiation. But under *Younger v. Harris*, 401 U.S. 37 (1971), federal courts may not interfere with ongoing state criminal prosecutions, absent extraordinary circumstances. A review of Wisconsin state court records shows that Ash is currently appealing her convictions for battery and carrying a concealed weapon. *See State v. Ash,* Case No. 2021CM291 (Douglas Cty. Cir. Ct.). Addressing Ash's claims related to her arrest and prosecution would interfere with her pending appeal. *See Gabuka v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013).

An exception to *Younger* is that federal courts can hear claims that a state prosecution was brought in bad faith. *Collins v. Kendall County*, 807 F.2d 95, 98 (7th Cir. 1986). A plaintiff asserting bad faith prosecution must allege specific facts to support an inference that the prosecution was brought for the purpose of retaliating for or deterring the exercise of constitutionally protected rights. *Id.* Here, Ash alleges that the police, prosecutor, and judge sought to frame her to prevent her from speaking out about the conspiracy to harass her with military weaponry and force her into human trafficking. That implausible allegation does not support an inference that the prosecution was brought in bad faith. The court of appeals has cautioned that defendants should not be subjected to "paranoid pro se litigation . . . alleging . . . a vast, encompassing conspiracy" unless the plaintiff meets a high standard of plausibility. *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009). And it is simply not plausible that her prosecution was brought to further the goals of a fantastical conspiracy.

Because *Younger* applies to Ash's claims related to her arrest and conviction, I must abstain from hearing those claims. Because Ash makes similar allegations about her arrest and

conviction in both cases, I will stay case No. 22-cv-659-jdp and direct the clerk of court to administratively close it, and I will dismiss case No. 22-cv-512-jdp. Ash may move to reopen the '659 case after the conclusion of all of her state criminal proceedings, including her appeal and any relevant state collateral proceedings. *See Simpson v. Rowan*, 73 F.3d 134, 139 (7th Cir. 1995). But I will warn Ash that if her appeal is unsuccessful, she cannot bring any federal claim for monetary damages that would imply the invalidity of her conviction. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

ORDER

IT IS ORDERED that:

1. Case No. 22-cv-512-jdp is DISMISSED with prejudice for failure to state a claim upon which relief can be granted. The clerk of court is directed to enter judgment accordingly and close the case.

2. The court will abstain from exercising jurisdiction over Case No. 22-cv-659-jdp pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). The case is STAYED. The clerk of court is directed to administratively close the case.

Entered December 2, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge